IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MEDICAL BUSINESS BUREAU, LLC, )<br>)<br>Defendant. ) | 1:19-cv-5923 |

## COMPLAINT

NOW COMES the plaintiff, ANTHONY WILLIAMS, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, MEDICAL BUSINESS BUREAU, LLC, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. ANTHONY WILLIAMS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Carol Stream, County of DuPage, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Central DuPage Emergency Physicians (hereinafter, "the Debt").

6. The Debt was for medical services that were provided to Plaintiff and submitted to Plaintiff's insurance provider, .

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. MEDICAL BUSINESS BUREAU, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is located in the State of Illinois. Defendant is registered as a limited liability company in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about February 9, 2016, Plaintiff received medical services from Central DuPage Emergency Physicians.

15. The medical services Plaintiff received on or about February 9, 2016 were covered under Plaintiff's health insurance policy with BlueCross BlueShield.

16. Upon information and belief, Central DuPage Emergency Physicians did not submit a claim to BlueCross BlueShield for payment of the medical services provided on February 9, 2016 until August of 2018.

17. On or about August 6, 2018, BlueCross BlueShield received a claim for payment from Central DuPage Emergency Physicians in the submitted amount of $764.00.

18. On or about August 7, 2018, BlueCross BlueShield processed the claim for payment that it received from Central DuPage Emergency Physicians.

19. Upon processing the claim that it received from Central DuPage Emergency Physicians, BlueCross BlueShield determined that the charges submitted by Central DuPage Emergency Physicians exceeded BlueCross BlueShield's allowable charges for the services.

20. BlueCross BlueShield further determined that the allowable charges amounted to $216.00, and that, because Plaintiff had not yet met his deductible, Plaintiff would be required to pay that $216.00 figure.

21. BlueCross BlueShield further determined that because Central DuPage Emergency Physicians was a "preferred or participating network provider," Plaintiff would not be responsible for the difference between the submitted charges ($764.00) and the allowed charges ($216.00).

22. Central DuPage Emergency Physicians is a preferred or participating network provider with BlueCross BlueShield.

23. As a preferred or participating network provider with BlueCross BlueShield, Central DuPage Emergency Physicians is prohibited from seeking payment from patients in excess of the amount allowed by BlueCross BlueShield.

24. The amount allowed by BlueCross BlueShield for the medical services that Central DuPage Emergency Physicians provided to Plaintiff on or about February 9, 2016, was $216.00.

25. Thus, Central DuPage Emergency Physicians was prohibited from seeking any payment from Plaintiff beyond $216.00.

26. In or around August of 2018, Central DuPage Emergency Physicians assigned the Debt to Defendant for collection from Plaintiff.

27. On or about August 21, 2018, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff.

28. The aforesaid correspondence stated that Plaintiff owed $764.00 to Central DuPage Emergency Physicians for medical service provided on February 9, 2016.

29. Defendant has also reported the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

30. Despite the fact that Plaintiff did not owe any more than $216.00, Defendant has repeatedly reported that Plaintiff owes $764.00.

31. Defendant has reported that Plaintiff owes $764.00 as recently as June of 2019.

32. Defendant's reporting thus failed to comply with §1692e(8) and was deceptive and misleading since, among other things, it deprived future users of Plaintiff's consumer reports of essential information relevant to their assessment of Plaintiff's credit worthiness.

33. In its attempts to collect the debt allegedly owed by Plaintiff to Central DuPage Emergency Physicians, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

- a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

- b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

- c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

34. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANTHONY WILLIAMS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

- a. All actual compensatory damages suffered;
- b. Statutory damages of $1,000.00;
- c. Plaintiff's attorneys' fees and costs;
- d. Any other relief deemed appropriate by this Honorable Court.

          Respectfully submitted,
          **ANTHONY WILLIAMS**

By:   s/ David M. Marco
       Attorney for Plaintiff

Dated: September 4, 2019

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com